McFabland, J.,
delivered the opinion of the court:
The prisoners have been convicted of an assault upon A. L. Rawlings, with intent to commit murder in first degree. Exceptions were taken to the admission of certain testimony in the court below. The general .rule is that proof of other transactions, especially proof of the commission by the defendants of other crimes, ought not to be allowed where it does not hear upon or in any way elucidate the case on trial. This rule, we think, was not violated in the *414 admission of the testimony of James Rawlings, son of the prosecutor. The testimony of the prosecutor, in substance, was, that on Christmas night last, four1 persons, believed by him to be defendants, came to.his house on horseback. Riding up near the house, they awakened him, and inquired for Iris, son James, and were told that he was not at home. After some further conversation and movements by the parties, not necessary to mention, they fired a volley of thirty or forty shots into the house, one of which passed through a window over prosecutor’s head, and one through a room in which prosecutor’s son James usually slept.
The testimony of James Rawlings was, that during the day he had an altercation with two of the defendants, at C'olteiwah, six miles from his father’s residence, and that in that altercation they took his gun from him; that he stopped at a house on his way home, and heard the defendants stop there and inquire for him, while he concealed himself; that they again passed him on the road, he concealing himself; that he saw and heard them at other points on the road, and was concealed within one hundred and fifty yards of his father’s house while they were there, and heard the shooting.
The defendants had proof of an alibi.
Tbe testimony of James Rawlings was certainly pertinent as to the question of identity, and also as to the animus of the defendants. The only portion of it that might, upon a very strict ruling, have been rejected, is the proof that defendants, in the altercation at Ooltewali, “took witness's gun from him.”
That they had the altercation, and that defendants followed witness and inquired for him on the road; that he saw and heard them both on the road and at his father’s house, was certainly pertinent and admissible. The particulars of the altercation might have been omitted, but as it does not3 appear that in talcing the gun from witness any felony was committed, or, in fact, whether any criminal *415 offense was committed or not, we would not be, disposed to reverse for tbis.
But we are constrained to bold that a portion of the testimony of the witness, Buck Spain, was improperly admitted.
Tbis witness proved that be lived near the prosecutor, and on the night in question, be beard the shooting, and afterwards four persons came to bis bouse, and were shooting around bis bouse, one of whom be. identified as one of the defendants; that they were shooting at and trying to catch witness’ turkeys; when be went out they ran off, carrying with them four of witness’ turkeys.
Much of ibis witness’ testimony was certainly pertinent as to the question of identity, and also in corroboration of the prosecutor, but we think the proof as to carrying off the witness’ turkeys should have been rejected. We do not see that tbis part of the testimony throws any light upon the main question, while it was calculated to prejudice the defendants.
It was a serious question whether there was sufficient evidence of a specific intent to talc© the life of the prosecutor.
Tims is essential to murder in the first degree, or an assault with intent to commit murder in the first degree. Bratton v. State, 10 Hum., 103.
The assault was certainly of an aggravated character, but whether the defendants should be convicted of tbe offense charged, deserves careful consideration. We do not say, however, that we would reverse if the record were otherwise free from objection.
Bor the error in the admission of the testimony of the witness Spain, in the particular mentioned, the judgment will be reversed, and the case remanded for a new trial.